1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRIMANEZA SOUZA NUNES,                    Case No.  1:23-cv-00038-HBK

12                  Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                               FOR SUMMARY JUDGMENT, GRANTING
13          v.                                 DEFENDANT'S MOTION FOR SUMMARY
                                               JUDGMENT, AND AFFIRMING THE
14   MARTIN O'MALLEY,                          DECISION OF THE COMMISSIONER OF
     COMMISSIONER OF SOCIAL                    SOCIAL SECURITY[2]
15   SECURITY,[1]
                                               (Doc. Nos. 14, 17)
16                  Defendant.

17

18

19          Grimaneza Souza Nunes ("Plaintiff"), seeks judicial review of a final decision of the

20   Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for

21   supplemental security income under the Social Security Act.  (Doc. No. 1).  The matter is

22   currently before the undersigned on the parties' briefs, which were submitted without oral

23   argument.  (Doc. Nos. 14, 17-18).  For the reasons stated, the Court denies Plaintiff's motion for

24   summary judgment, grants Defendant's motion for summary judgment, and affirms the

25

26   _____
     [1] This action was originally filed against Kilolo Kijakazi in his capacity as the Commissioner of Social
     Security.  (See Doc. No. 1). The Court has substituted Martin O'Malley, who has since been appointed the
27   Acting Commissioner of Social Security, as the defendant in this suit.  See Fed. R. Civ. P. 25(d).
     [2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
28   §636(c)(1).  (Doc. No. 10).

Commissioner's decision.

## I.      JURISDICTION

Plaintiff protectively filed for supplemental security income on June 17, 2019, alleging a disability onset date of December 31, 2012.  (AR 294-304).  At the hearing, the alleged onset date was amended to June 17, 2019, the application date.  (AR 43).  Benefits were denied initially (AR 125-35, 151-55) and upon reconsideration (AR 137-47, 157-62).  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on October 14, 2021.  (AR 37-65).  Plaintiff testified at the hearing and was represented by counsel.  (*Id*.).  The ALJ denied benefits (AR 16-35) and the Appeals Council denied review (AR 5-10).  The matter is before the Court under 42 U.S.C. § 1383(c)(3).

## II.      BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 41 years old at the time of the hearing.  (AR 44).  She graduated from high school.  (*See* AR 342).  She lives in a mobile home with her husband and three children.  (AR 50).  She has work history as a home health aide.  (AR 46, 59).  Plaintiff testified that she can no longer work because of back and shoulder pain.  (AR 49).  She reported she can stand or walk for 3 to 5 minutes before she needs to sit down for 45 minutes to an hour, she can drive for 20 minutes before she needs to take a break for 30 minutes, she does not have good grip strength, and she has numbness in her hands.  (AR 53-54, 56).  Plaintiff testified that her doctor was going to prescribe her a cane, but she already was using one.  (AR 55).  Her medication makes her tired and sleepy.  (AR 55).

## III.      STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial

evidence e" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

3

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of

adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 17, 2019, the alleged onset date.  (AR 22).  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, right shoulder osteoarthritis, and morbid obesity with hypertension and hyperlipidemia.  (AR 22).  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  (AR 23).  The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR 416.967(b) except climbing ramps and stairs at occasional; climbing ladders, ropes, and scaffolds at never; and balancing, stooping, crouching, crawling, kneeling all at occasional.  (AR 24).  At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a home health aide.  (AR 29).  In the alternative, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including cashier, housekeeping, and sales attendant.  (AR 30).  On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 17, 2019, the date the application was filed.  (AR 30).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issue for this Court's review: whether the ALJ properly weighed the opinion of Raynado F. Garcia, M.D.  (Doc. No. 14 at 8-11).

# VII.   DISCUSSION

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

1    However, when two or more medical opinions or prior administrative findings "about the same

2    issue are both equally well-supported ... and consistent with the record ... but are not exactly the

3    same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3)

4    through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

5         The Ninth Circuit has additionally held that the new regulatory framework displaces the

6    longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and

7    convincing" reasons for rejecting a treating or examining doctor's opinion.  *Woods v. Kijakazi*, 32

8    F.4th 785, 787 (9th Cir. 2022).  Nonetheless, in rejecting an examining or treating doctor's

9    opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by

10   substantial evidence.  *Id.* at 792.  This means that the ALJ "must 'articulate ... how persuasive'

11   [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain

12   how [he or she] considered the supportability and consistency factors' in reaching these findings."

13   *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

14        In May 2021, Plaintiff's treating physician Raynado F. Garcia, M.D. opined that Plaintiff

15   could sit for 30 minutes at one time before needing to get up; stand for 30 minutes at one time

16   before needing to sit down or walk around; sit and stand/walk less than 2 hours total in an 8-hour

17   workday; needs to shift positions at will from sitting, standing or walking; needs to have periods

18   of walking every 30 minutes for 5 minutes at a time during an 8-hour workday; would need to

19   take unscheduled breaks during a workday every 30 minutes for 10 minutes at a time; elevate her

20   legs above heart level 10% of the workday; use an assistive device such as a cane when engaging

21   in occasional standing/walking due to back pain and risk of falling; rarely lift more than 10

22   pounds and never lift 20 or more pounds; rarely twist, stoop, crouch/squat, climb stairs; never

23   climb ladders; reach in front of her body, handle, or finger 100% of an 8-hour workday; reach

24   overhead 40% of an 8-hour workday; is likely to be off-task 25% or more of a typical workday; is

25   incapable of even "low stress" work; and is likely to be absent form work more than four days per

26   month as a result of her impairments or treatment.  (AR 458-61).  The ALJ found Dr. Garcia's

27   opinion was unpersuasive.  (AR 28).

28        As an initial matter, the ALJ acknowledged that Dr. Garcia treats Plaintiff on a monthly

7

basis for chronic back pain which "shows [he] has a familiar relationship with the claimant and is familiar with how her impairments affect her functioning." (*Id.*). However, as to supportability, the ALJ found

> Dr. Garcia's examinations and treatment records do not support the degree of limitations he sets forth in his opinions because they do not indicate the claimant has severely impaired gait, station, strength, sensation, range of motion, or other functional limitations such as fatigue due to her impairments and only indicate complaints of back pain. Dr. Garcia's treatment records contain fairly unremarkable examination findings and indicate the claimant's impairments are stable with conservative treatment consisting only of medication management.

(AR 28 (citing AR 501-03, 506, 508, 513)). Plaintiff argues the ALJ's "discussion of this evidence grossly mischaracterizes the record," and in support of this argument she cites "abnormalities of the lungs, extremities, and back" documented in Dr. Garcia's treatment notes; decreased range of motion in her back and decreased strength at a May 2019 treatment visit; September 2019 x-rays revealing intervertebral disc spaces and facet joints mildly narrowed at C3-C6 consistent with chronic degenerative disc disease but also noting "no significant abnormalities are present"; and a July 2020 cervical spine x-ray showing mild diffuse narrowing of intervertebral disc spaces consistent with chronic disk degeneration, no fractures or subluxations, normal alignment of facet joints, and normal paraspinal soft tissues. (Doc. No. 14 at 9 (citing AR 401-05, 422 (noting subjective tenderness in back), 424, 426, 432-33, 437, 442, 445, 447, 450, 452, 454, 480, 488)). Plaintiff also cited her own reports of musculoskeletal pain, reduced grip strength and numbness in her right hand, and fatigue due to her medications. (*Id.* (citing AR 56, 526)).

However, as argued by Defendant, most of the "abnormal" findings cited by Plaintiff in support of this argument consist of checkmarks under columns for "N" and "Abn," respectively, "without amplifying information about the kind, type, or degree of abnormality" (*See* AR 401-05, 424, 426, 433, 437, 442, 445, 447, 450, 452, 454). (Doc. No. 17 at 10). In considering supportability under the new regulations "the more relevant the medical evidence and supporting explanations *presented by a medical source* are to support" the medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1); 416.920c(c)(1)(emphasis

added); *see also Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusion."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings."). While the ALJ did consider the imaging results from 2019 and 2020 in the decision, Plaintiff does not cite, nor does the Court discern, any clinical findings and objective signs *presented by* Dr. Garcia in his opinion, or identified in his treatment notes, to support the severity of the opined limitations.  (AR 458 (the section of his opinion asking Dr. Garcia to "identify the clinical findings and objective signs" is blank)).

Similarly, Plaintiff's cites her own subjective complaints of pain, numbness, and fatigue, but fails to cite specific objective or clinical findings in Dr. Garcia's opinion, or his treatment notes, to support the assessed limitations.  Rather, as noted by the ALJ, Dr. Garcia's treatment records did not indicate that Plaintiff was severely limited in gait, station, strength, sensation, range of motion, or other functional limitations due to her impairments; and his treatment notes indicate Plaintiff's impairments are managed with conservative treatment consisting of medication management.  (AR 28, 422, 501-03, 506, 508, 513, 563).  Based on the foregoing, and regardless of evidence that could be considered more favorable to Plaintiff, substantial evidence supports the ALJ's finding that Dr. Garcia's treatment notes do not support the degree of limitations set forth in his opinion.  (AR 28); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Second, as to the consistency factor, the ALJ specifically noted that Dr. Garcia's treatment notes are the primary source of medical records and they are consistently unremarkable throughout the relevant adjudicatory period.  (AR 28).  The ALJ additionally found the treatment records "do not show the claimant experiences bilateral lower extremity swelling that would require leg elevation and do not show that she has limitations in ambulation or strength that warrant a significantly less than sedentary [RFC] as he asserts in his overall opinion."  (AR 28). Plaintiff again argues this finding is not supported by substantial evidence because "examinations

9

1   consistently revealed abnormalities of the lungs, extremities, and back," and further cites her own

2   reports that her walking is limited to one block or 3-5 minutes at a time due to back pain; her

3   husband's reports that she cannot sit, stand, or walk for a long time; and her testimony that Dr.

4   Garcia was going to prescribe a cane but she already had one of her own.  (Doc. No. 14 at 10

5   (citing AR 47-48, 54-55, 332, 337, 401-05, 424, 426, 433, 437, 442, 445, 447, 450, 452, 454,

6   526).  However, as discussed above, the "abnormal" findings cited by Plaintiff are comprised

7   almost entirely of checkmarks with no additional explanation as to the severity, or lack thereof, of

8   any clinical findings.  Moreover, as noted by Defendant, to the extent Plaintiff relies on her own

9   testimony and her husband's lay testimony as support for her argument, the ALJ properly

10  discounted Plaintiff's subjective complaints, including her allegations regarding her ability to

11  walk and use of a cane.  (Doc. No. 17 at 11); (AR 25-27 (finding Plaintiff's testimony was

12  inconsistent with objective medical evidence, daily activities, and her treatment history), AR 27

13  (finding husband's third-party function report was inconsistent with objective physical

14  examinations throughout the relevant adjudicatory period)).  As Plaintiff failed to offer any

15  argument in her opening brief as to the ALJ's consideration of her testimony or her husband's lay

16  witness reports, she has waived her opportunity to raise this issue.  *Carmickle v. Comm'r of Soc.*

17  *Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to consider issues not

18  raised with specificity in plaintiff's opening brief); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th

19  Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in

20  the party's opening brief).

21      Here, the ALJ considered the medical records throughout the longitudinal record, which

22  are almost entirely comprised of Dr. Garcia's treatment notes, and found they are consistently

23  unremarkable and specifically do not support Dr. Garcia's opined limitations as to ambulation

24  and the need to elevate her legs.  (AR 28, 422-57, 464-99, 563-70).  Moreover, the ALJ's decision

25  also considered "unremarkable" and "mild" x-rays of Plaintiff's shoulders, cervical spine, lumbar

26  spine, and hips from the relevant adjudicatory period.  (AR 25-26, 467 (noting no significant

27  degenerative changes and normal findings of bilateral hips and pelvis), 474 (noting mild

28  osteoarthritis of right shoulder but "no significant abnormalities are present"), 475 (left shoulder

1   normal aside from "possible" calcific tendinosis or calcific bursitis), 480 (noting mild diffuse

2   narrowing of intervertebral disk spaces throughout cervical spine consistent with chronic disk

3   degeneration but otherwise normal findings), 488 (noting mild narrowing at C3-C6 consistent

4   with chronic disc degeneration but "no significant abnormalities")  Thus, when viewing the

5   record as a whole, it was reasonable for the ALJ to conclude that the severity of the limitations

6   assessed by Dr. Garcia were not consistent with the longitudinal treatment record, which was

7   comprised largely of Dr. Garcia's unremarkable examination findings.

8          Finally, Plaintiff argues "the ALJ erred by discounting Dr. Garcia's opinion based on

9   speculation as to the degree of abnormalities identified in his records, without so much as

10   attempting to recontact the physician for clarification."  (Doc. No. 14 at 11).  "The ALJ in a social

11   security case has an independent duty to fully and fairly develop the record and to assure that the

12   claimant's interests are considered," even when the claimant is represented by counsel.

13   *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d

14   1273, 1288 (9th Cir. 1996)) (internal quotation marks omitted).  This duty is "triggered when the

15   evidence is ambiguous or when the record is inadequate to allow for proper evaluation of the

16   evidence."  *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001); *Thomas*, 278 F.3d at 958.

17   However, it is Plaintiff's duty to prove that she is disabled; and this burden cannot be shifted to

18   the ALJ simply by virtue of the ALJ's duty to develop the record.  *See Mayes*, 276 F.3d at 459-

19   60.  The ALJ did not find, and the Court is unable to discern, any inadequacy or ambiguity that

20   did not allow for proper evaluation of the record as a whole.  Rather, the ALJ properly relied on

21   prior medical findings, objective and clinical findings, and treatment notes regarding Plaintiff's

22   claimed impairments, as discussed herein, including evidence cited by Plaintiff in support of this

23   argument.  The ALJ did not err in failing to further develop the record in this case.

24          After viewing the ALJ's reasoning in light of the record as a whole, the Court concludes

25   that the ALJ's finding that Dr. Garcia's opinion was not persuasive was supported by substantial

26   evidence after proper consideration of the supportability and consistency factors.

27   ////

28   ////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VIII.   CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ properly considered the medical opinion evidence.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED.

2.  Defendant's Cross-Motion for Summary Judgment (Doc. No. 17) is GRANTED and the decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

3.  The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:   January 2, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

12